UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT EASTERN MICHIGAN
SOUTHERN DIVISION

JERRY SHELBY,

    Plaintiff,

v.

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

    Defendant.

Case No. _____

**NOTICE OF REMOVAL;
REMOVED FROM THE
CIRCUIT COURT OF WAYNE
COUNTY**

Wayne County Circuit Court No.:
21-006847-CK

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, The Prudential Insurance Company of America ("Prudential" or "Defendant"), by and through its attorneys, and pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, submits this Notice of Removal with respect to the above captioned case from the Circuit Court for Wayne County, Third Judicial Circuit, Michigan. In support of its Notice of Removal, Prudential states as follows:

### BACKGROUND AND TIMELINESS

1. On June 7, 2021, Plaintiff Jerry Shelby ("Plaintiff") commenced a civil action against Prudential in the Circuit Court for Wayne County, Third Judicial Circuit, Michigan. The lawsuit is recorded on that court's docket as Case No. 21-006847-CK. Plaintiff seeks long term disability ("LTD") benefits he alleges are due pursuant to an employee welfare benefit plan sponsored by Plaintiff's former

employer, Penske Truck Leasing Co., L.P., and which is governed by the Employee Retirement Income Security Act of 1974 ("ERISA") (the "plan"). There are no other parties named in Plaintiff's complaint.

2. Prudential's registered agent received the complaint via certified mail on June 10, 2021. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the summons and Plaintiff's complaint, which constitute "all summons, pleadings, and orders" served upon Prudential in the state court action, is attached hereto as **Exhibit A.** Because Prudential has filed this Notice of Removal within thirty days of service, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b).

3. In his complaint, Plaintiff alleges that Plaintiff was "insured under the provisions of a disability insurance policy issued by Defendant, PRUDENTIAL." (Ex. A, Compl. ¶ 4.) Plaintiff also alleges that "[s]aid policy was governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 USC § 1001, et seq." (Ex. A, Compl. ¶ 5.) Plaintiff alleges that Prudential wrongfully terminated LTD benefits under the plan. (Ex A., Compl. ¶ 10.)

4. Plaintiff seeks an order from the Court requiring Prudential to reinstate his LTD benefits as well as attorney's fees pursuant to ERISA, 29 U.S.C. § 1001, et. seq. (See Ex. A, Compl. ¶¶ 15, 16, Prayer for Relief.) Plaintiff specifically asserts a claim for LTD benefits pursuant to 29 USC § 1132(a)(1)(B) and seeks interest pursuant to 29 USC § 1001, et. seq. (Ex. A, Compl. ¶¶ 12, 15; Prayer for Relief.)

5. Plaintiff also seeks interest under the Michigan Revised Judicature Act. (Ex. A, Compl. Prayer for Relief.)

## **FEDERAL JURISDICTION**

6. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

7. Plaintiff's claim for LTD benefits is brought pursuant to ERISA (Compl. ¶¶ 5, 12, Prayer for Relief) and thus arises under the laws of the United States within the meaning of 28 U.S.C. § 1331. Accordingly, this action is removable pursuant to 28 U.S.C. § 1441(a).

8. ERISA provides an exclusive federal cause of action for participants or beneficiaries in an ERISA plan who bring actions related to the recovery of benefits, including the claim for LTD benefits alleged in the Complaint. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-63 (1987); *Rush Prudential HMO Inc. v. Moran*, 536 U.S. 355, 394 (2002).

9. Thus, Plaintiff's claim for additional interest under Michigan law is preempted by ERISA. ERISA "completely preempts" any state law claim or remedy based on any wrongful withholding of benefits promised under an employee benefit

3

4818-2366-3600, v. 1

plan. *See, e.g., Aetna Health, Inc. v. Davila*, 542 U.S. 200, 220 (2004) (ERISA "completely preempts" any claim or remedy based on wrongful withholding of benefits, including claims with requirements beyond those for recovery under ERISA § 502(a), 29 U.S.C. § 1132(a)).

## VENUE AND NOTICE

10. Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Venue is proper in this District because, pursuant 28 U.S.C. § 102(a)(1), this District embraces the Circuit Court for Wayne County, Third Judicial Circuit, Michigan, the place where the removed action had been pending. 28 U.S.C. § 1441(a).

11. Promptly upon the filing of this Notice of Removal, Prudential shall file a Notice of Filing of Notice of Removal, with a copy of the Notice of Removal, with the Circuit Court for Wayne County, Third Judicial Circuit, Michigan, and will serve a copy thereof on Plaintiff through his counsel, pursuant to 28 U.S.C. 1446(d). A copy of this notice is attached hereto at **Exhibit B**.

## CONCLUSION

12. Based on the foregoing, this Court has original jurisdiction over this action because this action arises under federal law under 28 U.S.C. § 1331; therefore, the Court properly may exercise jurisdiction over this lawsuit. 28 U.S.C. § 1441(a).

4

13. Should Plaintiff seek to remand this case to state court, Prudential respectfully asks that it be permitted to brief and argue the issue of this removal prior to any order remanding this case. In the event the Court decides that remand is proper, Prudential asks that the Court retain jurisdiction and allow Prudential to file a motion asking this Court to certify any remand order for interlocutory review by the United States Court of Appeals for the Sixth Circuit, pursuant to 28 U.S.C. § 1292(b).

WHEREFORE, The Prudential Insurance Company of America requests that the above-described action pending against them be removed to this Court. The Prudential Insurance Company of America also requests all other relief, at law or in equity, to which it justly is entitled.

Respectfully submitted,

**LEWIS & MUNDAY P.C.**

/s/ *Hans J. Massaquoi*
Hans J. Massaquoi
Attorney for Defendant Prudential
535 Griswold, Suite 2300
Detroit, Michigan 48226
(313) 961-2550
hmassaquoi@lewismunday.com

Dated: July 1, 2021

4818-2366-3600, v. 1

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 1, 2021, I caused the foregoing Notice pf Removal and the Exhibits attached thereto, to be filed with the Court's CM/ECF electronic filing system and served via first class mail upon the following counsel of record for Plaintiff:

>Bradley M. Peri
>Goodman Acker, PC
>17000 W. Ten Mile Road, 2nd Floor
>Southfield, MI 48075
>(248)483-5000
>*Attorney for Plaintiff*

>/s/ *Alicia N. Washington*
>Alicia N. Washington

# EXHIBIT A



Michigan's Trusted Law Firm
GOODMAN ACKER P.C.

WE APPRECIATE YOUR REFERRALS

* GERALD H. ACKER
** BARRY J. GOODMAN
TIM SULOLLI
JORDAN B. ACKER
*** BRADLEY M. PERI

LARRY R. MAITLAND II
MARK BREWER
RONITA BAHRI
MICHELLE T. AARON
LEAH S. HOUGABOOM
AMANDA B. WARNER
BART P. O'NEILL

*ALSO ADMITTED IN DC
**ALSO ADMITTED IN FLORIDA
***ALSO ADMITTED IN NY

www.goodmanacker.com

June 7, 2021

The Prudential Insurance Co of America
c/o The Corporation Company
40600 Ann Arbor Rd East, Ste. 201
Plymouth, MI 48170
**CERTIFIED MAIL/RETURN RECEIPT REQUESTED**

**Re: Shelby v. Prudential Insurance
Case No. 21-006847-CK**

Dear Sir/Madam:

Enclosed please find a copy of the Summons and Complaint which were filed with the Court in the above matter.

**PLEASE TURN THESE DOCUMENTS OVER TO THE APPROPRIATE ENTITY OR ATTORNEY IMMEDIATELY. YOU HAVE TWENTY-EIGHT (28) DAYS FROM TODAY IN WHICH TO FILE AN ANSWER TO THIS LAWSUIT.**

Very truly yours,

**GOODMAN ACKER, P.C.**

/s/ Bradley M. Peri

BMP/mlb
Enclosure

SOUTHFIELD • MAIN OFFICE
17000 WEST TEN MILE ROAD, SECOND FLOOR • SOUTHFIELD, MICHIGAN 48075 • PHONE 248.483.5000 • FAX 248.483.3131
GRAND RAPIDS
1500 E BELTLINE AVE SE, SUITE 235 • GRAND RAPIDS, MICHIGAN 49506 • PHONE 616.582.7225

EXHIBIT A

$7.16
US POSTAGE
FIRST-CLASS
062S0009564456
48075

METROPLEX MI 480
JUN 2021 PM 10 L

7020 0640 0000 3262 0288

The Prudential Insurance Co of America
c/o The Corporation Company
40600 Ann Arbor Rd East, Ste. 201
Plymouth, MI 48170

48170-467551

EXHIBIT A

**GOODMAN ACKER** P.C.
*Michigan's Trusted Law Firm*

17000 West Ten Mile Road, 2nd Floor
Southfield, Michigan 48075
Phone 248.483.5000
Fax 248.483.3131

Approved, SCAO

Original - Court
1st Copy- Defendant

2nd Copy - Plaintiff
3rd Copy - Return

| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | SUMMONS | CASE NO. 21-006847-CK Hon. Dana Margaret Hathaway |
|---|---|---|

Court address: 2 Woodward Ave., Detroit MI 48226     Court telephone no.: 313-224-2444

**Plaintiff's name(s), address(es), and telephone no(s)**
Shelby, Jerry

v

**Defendant's name(s), address(es), and telephone no(s).**
The Prudential Insurance Company of America, a New Jersey Corporation

**Plaintiff's attorney, bar no., address, and telephone no**

Bradley M. Peri 73146
17000 W 10 Mile Rd Ste 200
Southfield, MI 48075-2902

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

### Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

### Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court,

where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.     | **SUMMONS** |

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to file a written answer with the court and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date 6/7/2021 | Expiration date* 9/6/2021 | Court clerk Carlita McMiller |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19)     **SUMMONS**     MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105



EXHIBIT A

| | SUMMONS |
|---|---|
| | Case No.: **21-006847-CK** |

## PROOF OF SERVICE

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that: (notarization required) |

☐ I served personally a copy of the summons and complaint.

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled $ | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled $ | Fee $ | Total fee $ | Name (type or print) |
| | | | | Title |

Subscribed and sworn to before me on _____ , _____ County, Michigan.
Date

My commission expires: _____ Signature: _____
Date                                    Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

_____ on behalf of _____
Signature

EXHIBIT A

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

JERRY SHELBY,

    Plaintiff,

vs

Case No.: 21-    -CK
Hon.:

THE PRUDENTIAL INSURANCE COMPANY
OF AMERICA
a New Jersey Corporation

    Defendant.
_____/

**BRADLEY M. PERI P73146**
**GOODMAN ACKER, P.C.**
Attorneys for Plaintiff
17000 W. Ten Mile Road, 2nd Floor
Southfield, Michigan 48075
(248) 483-5000
_____/

**THERE IS CURRENTLY NO OTHER CIVIL ACTION ARISING OUT OF THE SAME TRANSACTION OR OCCURRENCE AS ALLEGED IN THIS COMPLAINT CURRENTLY PENDING OR PREVIOUSLY FILED WITH THE COURT.**

## COMPLAINT

NOW COMES Plaintiff, JERRY SHELBY, by and through counsel, GOODMAN ACKER, P.C., and for his Complaint, states as follows:

1. Plaintiff, JERRY HELBY, is a resident of the City of Swartz Creek, County of Genesee, State of Michigan.

2. Defendant, THE PRUDENTIAL INSURANCE COMPANY OF AMERICA (hereinafter referred to as "PRUDENTIAL") is a New Jersey corporation duly authorized to transact the business of health, life and disability

EXHIBIT A

insurance in the State of Michigan and does in fact regularly and systematically conduct this business in the County of Wayne, State of Michigan accepting service through The Corporation Company, 40600 Ann Arbor Road, E., Suite 201, Plymouth, MI 48170.

3. The amount in controversy exceeds the sum of Twenty-Five Thousand ($25,000.00) Dollars.

4. Plaintiff, on or about March 29, 2018, was insured under the provisions of a disability insurance policy issued by Defendant, PRUDENTIAL.

5. Said policy was governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 USC §1001, et seq.

6. Defendant, PRUDENTIAL, under the terms and conditions of the said disability insurance policy, became obligated to pay to the Plaintiff, certain expenses or losses in the event Plaintiff sustained an injury or illness that resulted in his disability from employment and/or inability to work for an extended period of time.

7. Plaintiff was diagnosed with severe uncontrolled diabetes myelitis, neuropathy, neuritis, hypertension, dyslipidemia and obesity.

8. As a result of the abovementioned disabilities, Plaintiff was deemed unable to return to work by his treating physicians as a result of treatment that he would have to receive as a result of his disabilities.

9. Said disabilities further limited Plaintiff from performing the material and substantial duties of his regular occupation, as well as any occupation, as defined in Defendant PRUDENTIAL's policy.

EXHIBIT A

10. Defendant, PRUDENTIAL, wrongfully terminated Plaintiff's long term disability benefits on June 15, 2020 with no further benefits payable after September 27, 2020.

11. Defendant, PRUDENTIAL, upheld it's above decision on March 3, 2021.

12. Plaintiff, as a result of the said injuries and subsequent related disabilities, has incurred a substantial loss of wages and brings this action pursuant to 29 USC §1132(a)(1)(B).

13. Defendant has failed, refused or neglected to pay Plaintiff the aforesaid wage loss disability payments in accordance with their policy even though reasonable proof of illness and employment disability has been submitted.

14. Defendant's failure and/or refusal to pay the aforesaid disability insurance benefits is continuous and ongoing and, as a consequence thereof, Plaintiff continues to incur allowable expenses for which the Defendant is liable and for which Plaintiff is entitled to recover herein.

15. The aforesaid disability benefits due and owing to or for the benefit of Plaintiff are overdue thereby entitling Plaintiff to recover statutory interest pursuant to 29 USC §1001, et seq.

16. Defendant has unreasonably refused or delayed in making proper payments to the Plaintiff, which permits the Plaintiff to obtain reasonable attorney fees from Defendant pursuant to 29 USC 1132(g)(1).

EXHIBIT A

WHEREFORE, Plaintiff, JERRY SHELBY, respectfully prays that damages may be awarded in Plaintiff's favor against Defendant for the following elements of damage pursuant to 29 USC §1001, et seq.:

a. All disability insurance payments found to be due and owing to Plaintiff from September 27, 2020 to present, pursuant to 29 USC §1132, as those benefits are more fully described in this Complaint;

b. Statutory interest at the rate of twelve percent (12%) per annum on all overdue disability insurance benefits pursuant to 29 USC §1001, et seq;

c. Penalty interest at the rate of twelve percent (12%) per annum on all overdue disability insurance benefits pursuant to 29 USC §1001, et seq;

d. Reasonable attorney fees for Defendant's unreasonable refusal and/or unreasonable delay in making proper payment of disability insurance benefits payments pursuant to 29 USC 1132(g)(1);

e. Additional interest on civil judgments allowed under the Michigan Revised Judicature Act (RJA);

f. Taxable costs, fees and other expenses as permitted by statute, court rule and common low; and

g. Any and all other relief that this Court determined to be fair, just and appropriate under the facts and circumstances of this case.

Respectfully submitted,

**GOODMAN ACKER, P.C.**

/s/ Bradley M. Peri
BRADLEY M. PERI P73146
Attorneys for Plaintiff

Dated: June 7, 2021

EXHIBIT A

# EXHIBIT B

## STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

JERRY SHELBY,

        Plaintiff,

vs.                                    CIVIL ACTION NO. 21-006847-CK

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

        Defendant.

### NOTICE OF FILING OF NOTICE OF REMOVAL TO FEDERAL COURT

To:    Bradley M. Peri                         Clerk of Court
        Goodman Acker, PC               2 Woodward Avenue
        17000 W. Ten Mile Road, 2nd Floor    Detroit, MI 48226
        Southfield, MI 48075
        (248)483-5000

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. § 1446(d), Defendant The Prudential Insurance Company of America hereby notifies the Court that on July 1, 2021, it filed in the United States District Court for the Eastern District of Michigan, its Notice of Removal of this lawsuit, a copy of which is attached. Pursuant to 28 U.S.C. § 1446(d), the State of Michigan, Circuit Court for the County of Wayne, may not proceed further with the case entitled *Jerry Shelby v. The Prudential Insurance Company of America*, Case No. 21-006847-CK. A copy of Defendant's Notice of Removal is attached hereto as **Exhibit A**.

4839-0888-8560

                                      Respectfully submitted,

                                      **LEWIS & MUNDAY, P.C.**

                                      By: */s/ Hans J. Massaquoi*
                                      Hans J. Massaquoi
                                      535 Griswold, Suite 2300
                                      Detroit, Michigan 48226
                                      (313) 961-2550
Dated: July 1, 2021                  hmassaquoi@lewismunday.com

4839-0888-8560, v. 1